JUSTICE COTTER
concurs.
¶21 I concur with the Court’s Opinion, but write separately to acknowledge what I believe is a good point raised by the Dissent. Specifically, I agree with the Dissent that a fee may be assessed against a defendant to cover the costs of his participation in a rehabilitative program. Here, however, it does not appear that the *182 District Court imposed the $85 fee in connection with the order that the defendant complete 150 hours of community service. The order to pay the fee is set forth as Condition 13, and it follows seriatim the assessment of other fees in the court’s sentencing order. The directive to participate in community service is set forth later in the order at Condition 19. Moreover, as the Court notes, the District Court, upon VanWinkle’s objection to Condition 13, said the condition was “one of the local rules in the district that the judges all agreed to ... it’s a uniform condition of all the four judges here.” Opinion, ¶ 16. Based upon this affirmative representation, in combination with the disjunctive imposition of the fee and the order of community service, I must agree with the Court that the fee in this instance was of the nature imposed in Stephenson, and is for that reason unlawful. I therefore concur.